UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SUSANA ISAIAS,

    Plaintiff,

v.                                    CASE NO.:_____

MARTIN COUNTY, A POLITICAL SUBDIVISION
OF THE STATE OF FLORIDA,

    Defendant.
_____/

FILED by MCG    D.C.
MAY 07 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Susana Isaias ("Ms. Isaias"), through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and sues Defendant, Martin County, a political subdivision of the State of Florida, and alleges as follows:

## NATURE OF CLAIMS

1. This is an action for damages, declaratory judgment, and injunctive relief to redress the deprivation of rights secured by (1) the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*, ("FMLA") for (a) FMLA interference and (b) FMLA discrimination and (2) the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA") and the American's with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA-AA") for (a) handicap and disability discrimination, (b) perceived handicap and disability discrimination, and (c) denial of reasonable accommodation.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 29

U.S.C. §§ 2601, *et seq.*

3. The venue of this Court over this controversy is proper pursuant to 29 U.S.C. § 1391(b) as the Defendant has, or usually keeps, a place of business for transaction of its customary business in Indiantown, Martin County, Florida and, specifically, at the Elisabeth Lahti Library, 15200, SW Adams Ave., Indiantown, Martin County, Florida.

## THE PARTIES

4. Ms. Isaias, at all times material hereto, was a resident of Indiantown, Florida and she resided approximately 5 to 10 minutes away from her former place of employment, the Elisabeth Lahti Library.

5. Ms. Isaias, at all times material hereto, worked at the Defendant's location at 15200, SW Adams Ave., Indiantown, Martin County, Florida.

6. Ms. Isaias, at all times material hereto, was Defendant's "employee" as that term is defined under the FMLA, FCRA and ADA-AA.

7. At all times material hereto, Defendant has been doing business and is an "employer" under the FMLA with fifty (50) or more employees within a 75-mile radius of Ms. Isaias' former worksite for each working day of twenty (20) or more calendar workweeks in the current or preceding calendar year of Ms. Isaias' discharge and within the meaning of 29 U.S.C. §§ 2601, *et seq.*

8. The Defendant, at all times material hereto, was Ms. Isaias' "employer" under the FCRA and ADA-AA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Ms. Isaias initially filed an EEOC Charge of Discrimination under the FCRA and ADA-AA on February 7, 2017, and more than 180 days have passed since filing the EEOC Charge.

10. The EEOC issued Ms. Isaias a Notice of Right to Sue letter on January 31, 2018.

11. Ms. Isaias has exhausted all administrative prerequisites and conditions precedent (if any) and she has filed this action within the applicable statutes of limitations.

## STATEMENT OF FACTS

12. Ms. Isaias suffers from various disabilities under the ADA-AA, handicaps under the FCRA, and serious health conditions under the FMLA such as anterior talofibular ligament tears, calcaneofibular ligament tears, and osteochondral talar dome fracture.

13. Ms. Isaias has a long history of medical treatment for the handicaps, disabilities, and serious health conditions above.

14. Ms. Isaias began working for the Defendant as a full-time Library Assistant II in or around November 2002.

15. In or about 2013, Ms. Isaias earned a promotion to full-time Library Specialist.

16. Therefore, Ms. Isaias had a minimum one (1) year full-time employment history with the Defendant and she was an FMLA-eligible employee at the time of her

January 25, 2017, termination.

17. On or about January 20, 2017, the Defendant sent a memo telling Ms. Isaias to report to work at the Hoke Library in Jensen Beach effective on January 25, 2017. *See* Exhibit 1.

18. The stated purpose of the reassignment was to get employees out of their "comfort zone". *See* Exhibit 1.

19. On or about January 20, 2017, Ms. Isaias sent a letter to the Defendant requesting a meeting to reconsider the directive because of her handicaps and disabilities.

20. After the Defendant and the County Administration received Ms. Isaias' letter, they discussed its contents with the Human Resources Department and decided to maintain the original directive to have her transfer to the Hoke Library.

21. On or about January 23, 2017, Ms. Isaias had an appointment with her podiatrist, Dr. Paul Gotkin, regarding her handicaps and disabilities. *See* Exhibits 2 and 3.

22. On or about January 24, 2017, Ms. Isaias met with Defendant Director, Jennifer Salas, regarding Ms. Isaias' transfer to Hoke Defendant in Jensen Beach effective January 25, 2017.

23. At this meeting, Ms. Isaias presented Ms. Salas Dr. Gotkin's notes (Exhibit 2 and 3) informing Defendant of Ms. Isaias's handicaps and disabilities.

24. During the meeting, Ms. Isaias made a request for reasonable accommodation.

25. Ms. Isaias requested that her transfer be postponed because of her disabilities

- 4 -

and handicaps and until a grievance hearing can be heard at which time she could present additional evidence regarding her handicaps and disabilities and need for reasonable accommodation.

26. At this meeting, Ms. Isaias explained that she suffered a traumatic injury to her driving foot which never healed and that it affected her ability to drive more than thirty (30) minutes to the Hoke Library.

27. Ms. Isaias explained that her assignment to the Elisabeth Lahti Library reasonably accommodated her disability because she resided a mere 5 to 10 minutes away.

28. The request was denied and she was instructed to show up at the Hoke Library the next day never mind that Ms. Isaias informed management that she could not report to work at Hoke Library the next day because of her handicap and disability.

29. Ms. Isaias stated that she wanted the transfer to be postponed because of her disability and her inability to drive long distances for more than thirty (30) minutes.

30. In response, management told Ms. Isaias to take the bus never mind (as Ms. Isaias explained to them) that was not an option because public transportation did not travel from Indiantown to Jensen Beach much less at the hours she was required to work at the Hoke Library.

31. Naturally, Ms. Isaias was unable to report to work on January 25, 2017, at the Hoke Library in Jensen Beach due to her disability and inability to drive more than thirty (30) minutes in a car because doing caused her pain and discomfort and was dangerous.

32. On January 25, 2017, Ms. Isaias did not show up to work at the Hoke Defendant.

33. Later that day it was recommended by Jennifer Salas to terminate Ms. Isaias for alleged job abandonment and Ms. Isaias was discharged. *See* Exhibit 4.

34. Notably, Defendant discharged Ms. Isaias without engaging in an interactive process with her and Dr. Gotkin regarding her disabilities and need for reasonable accommodation as required by the ADA-AA and FCRA.

35. Moreover, Defendant never informed Ms. Isaias of her FMLA leave rights or gave her an FMLA Certification Form for her doctor to fill out knowing full well that she could not report to work on January 25, 2017, because of her serious health conditions.

36. A Step III grievance was heard on Thursday, February 16, 2017, at Ms. Isaias' request, to appeal the management's termination request.

37. At the appeal Ms. Isaias provided her position statement along with a copy of her doctor's note informing the administrators of her work restrictions and request for reasonable accommodations.

38. Ms. Isaias' appeal was denied on the grounds that there was no cause to overturn termination.

39. The Defendant terminated Ms. Isaias because of her disability in violation of the ADA-AA, her handicap in violation of the FCRA, and need for medical leave in violation of the FMLA.

40. Ms. Isaias has retained the law firm of Hogan & Hogan, P.A. to represent her in this action and has agreed to pay said law firm a reasonable fee for its services.

## COUNT I
### Violation of 29 U.S.C. § 2615(a)(1)
### FMLA Interference, Restraint and Denial

41. The Defendant unlawfully interfered with, restrained and denied Ms. Isaias' FMLA rights in several ways.

42. The Defendant never gave Ms. Isaias general or specific notice of her right under the FMLA to take FMLA-qualifying leave on account of her serious health conditions.

43. The Defendant failed to give Ms. Isaias an FMLA Certification form to give to Dr. Gotkin even after Ms. Isaias presented management with his January 23, 3017, doctor's notes.

44. Defendants failed to give Ms. Isaias 15-days to submit her FMLA Medical Certification Form.

45. The Defendant failed to restore Ms. Isaias to her position after missing work on account of her serious health condition on January 25, 2017.

46. Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1209 (11th Cir. 2001) held, "[i]f an employee tells his employer that he must leave work because he is suffering a debilitating diabetic attack, the employee has given notice of a need for unforeseeable leave sufficient to shift to the employer the burden of making further inquiry into whether the absence truly qualifies for FMLA protection."

47.     The Defendant failed to engage in any such inquiry and discharged Ms. Isaias in violation of the FMLA, instead, without notifying her of her FMLA rights or giving her an FMLA Medical Certification Form.

WHEREFORE, Ms. Isaias respectfully requests that this Court hold the Defendant liable and that it award Ms. Isaias the following relief:

a)     Damages in the form of any pay, wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

b)     Pre-judgment interest on the amount cited above calculated at the prevailing rate;

c)     An additional amount as liquidated damages equal to the sum of the amount cited above and its interest;

d)     Post-judgment interest;

e)     Declaratory judgment;

f)     Injunctive relief;

g)     Front-pay or reinstatement in lieu of front-pay;

h)     An award of costs and all reasonable attorney's fees; and

i)     All other just, equitable, and proper relief to which Ms. Isaias and all other similarly situated employees may be entitled.

## COUNT II
### Violation of 29 U.S.C. § 2615(a)(2)
### FMLA Discrimination

48. Ms. Isaias had a right under the FMLA to take medical leave on January 25, 2017, as described above and, by taking the leave, Ms. Isaias engaged in statutorily protected activity.

49. The Defendant took an adverse employment action against Ms. Isaias for engaging in such protected activity by discharging her because of her FMLA-qualifying absence and future FMLA-qualifying absences.

50. The Defendant willfully terminated Ms. Isaias in violation of the FMLA for requesting that she be accommodated.

51. The Defendant self-servingly classified Ms. Isaias' absence on January 25, 2017, as job abandonment knowing full well that she wanted to continue working for the library but she could not drive to the Hoke Library for medical reasons beyond her control.

WHEREFORE, Ms. Isaias respectfully requests that this Court hold the Defendant liable and that it award Ms. Isaias the following relief:

a) Damages in the form of any pay, wages, salary, employment benefits, or other compensation denied or lost by the foregoing acts;

b) Pre-judgment interest on the amount cited above calculated at the prevailing rate;

c) An additional amount as liquidated damages equal to the sum of the amount cited above and its interest;

d) Post-judgment interest;

e) Declaratory judgment;

f) Injunctive relief;

g) Front-pay or reinstatement in lieu of front-pay;

h) An award of costs and reasonable attorney's fees; and

i) All other just, equitable, and proper relief to which Ms. Isaias and all other similarly situated employees may be entitled.

## COUNT III
## TERMINATION BECAUSE OF DISABILITY & HANDICAP IN VIOLATION OF THE FCRA & ADA-AA

52. Ms. Isaias suffered from handicaps and disabilities under the FCRA and ADA-AA.

53. The Defendant did not want an employee working at its business that suffered from such conditions.

54. The Defendant terminated Ms. Isaias because she suffered from disabilities and handicaps covered by the ADA-AA and FCRA.

55. Alternatively, the Defendant terminated Ms. Isaias because she was disabled and handicapped and these conditions required medical treatment.

56. Alternatively, The Defendant terminated Ms. Isaias because The Defendant perceived and regarded Ms. Isaias as disabled and handicapped.

57. Ms. Isaias has experienced stress, anxiety, mental anguish, and embarrassment as a result of the discriminatory termination.

58. Defendant's actions were intentional, malicious and willful.

WHEREFORE, Ms. Isaias prays for judgment against Defendant for all damages to which she may be entitled, including, without limitation:

A. Declaratory judgment;

B. Injunctive relief;

C. Back pay and the value of all lost benefits plus interest;

D. Front pay or reinstatement;

E. Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

F. Punitive damages;

G. Reasonable attorney's fees and costs of this action; and

H. All other relief under the law that is just and equitable.

## COUNT IV
## DENIAL OF REASONABLE ACCOMMODATION IN VIOLATION OF THE FCRA & ADA-AA

59. Defendant denied Ms. Isaias' need for reasonable accommodation in two (2) respects.

60. First, Ms. Isaias needed FMLA-qualifying medical leave on January 25, 2017, because of her disabilities and handicaps under the FCRA and the ADA-AA.

61. This medical leave constituted a request for and use of a reasonable accommodation under the FCRA and ADA-AA.

62. The Defendant denied Ms. Isaias' medical leave and terminated her for taking medical leave without providing her an FMLA Medical Certification Form and 15-days to return the Form.

63. Rather, Defendant self-servingly hastily fired Ms. Isaias on January 25, 2017, prior the to the expiration of her 15-day FMLA Certification Form submission deadline knowing full well she wanted to continue working but could not for medical reasons.

64. The Defendant, therefore, denied Ms. Isaias' use of a reasonable accommodation in violation of the FCRA and ADA-AA and unlawfully terminated her for needing this reasonable accommodation of medical leave.

65. Second, the ADA-AA states that "job restructuring" and "reassignments" are reasonable accommodations which employers must implement. 42 U.S.C.A. Sec. 12111(9)(B). *See Stanley Snead v. Florida Agricultural & Mechanical University Board of Trustees*, Case No. 17-10338 (11th Cir. Feb. 21, 2018).

66. Ms. Isaias's need to continue working at Elisabeth Lahti Library did not impose an undue hardship on Defendant and was a reasonable accommodation.

67. Defendant pigheadedly denied this request for reasonable accommodation because, as in the words of Exhibit 1, this was a case of an employee that merely wanted to remain in her "comfort zone".

68. Ms. Isaias has experienced stress, anxiety, mental anguish, and embarrassment as a result of the discriminatory denials of reasonable accommodation.

69. Defendant's actions were intentional, malicious and willful.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to which she may be entitled, including, without limitation:

A. Declaratory judgment;

B. Injunctive relief;

C. Back pay and the value of all lost benefits plus interest;

D. Front pay or reinstatement;

E. Both pecuniary and non-pecuniary compensatory damages for pain, suffering, stress, anxiety, mental anguish, embarrassment, and loss of dignity;

F. Punitive damages;

G. Reasonable attorney's fees and costs of this action; and

H. All other relief under the law that is just and equitable.

## DEMAND FOR JURY TRIAL

Ms. Isaias demands a jury trial on and for all issues so triable.

Respectfully submitted this 2nd day of May, 2018,

/s/ Daniel A. Perez
Daniel A. Perez, Esquire
Florida Bar No. 426903
**Hogan & Hogan, P.A.**
906 East Michigan Street
Orlando, FL 32806
Telephone (407) 422-2188
Facsimile   (407) 422-3291
E-mail: dperez@hoganlegal.com
Secondary E-mail: brene@hoganlegal.com
**Attorney for Plaintiff**

# 1/22 Staff Reassignments

Richard Reilly
**Sent:** Friday, January 20, 2017 8:07 AM
**To:** Dept_LIB
**Cc:** Sara Walker

Good morning,

I know from personal experience that working at multiple library locations clarifies ones perspective of our work and shared vision. While it is naturally stressful to leave ones comfort zone or routine, this is a vital experience for all new employees as well as established ones. Our goals are to improve systemwide service delivery and staff development through peer-to-peer coaching.

Sylvie has met with the following staff to present the reassignments.
- Martha Torio will be transferred from the Hoke Library to the Peter & Julie Cummings Library,
- Dannie Pearsall will be transferred from the Peter & Julie Cummings Library to the Elisabeth Lahti Library,
- Janet Rosado will be transferred from the Elisabeth Lahti Library to the Blake Library,
- Kim Reuss will be transferred from the Blake Library to the Hobe Sound Public Library,
- Richard South will be transferred from the Hobe Sound Public Library to the Elisabeth Lahti Library, and
- Susana Isaias will be transferred from the Elisabeth Lahti Library to the Hoke Library.

In addition, we will be assigning
- Daniel Newsome to spend 1 day a week at the Elisabeth Lahti Library (Tuesdays) and
- Brenda Carnicom to spend 1 day a week at the Hoke Library (Wednesdays).

These are not temporary assignments. It will be challenging. I know we are professional and resourceful enough to do this because we are motivated to help others - our coworkers and our patrons.

The organizational chart has been updated to reflect these changes: file:///T:\LIB\ADMINISTRATION\HUMAN-RESOURCES\ORG-CHARTS\FY2017%20Org%20Charts\2017_FullOrgChartWithTeams.pdf

I'll happily and individually address any questions you have.

Thank you,

**Richard Reilly**
Library Operations & Services Administrator
Martin County Library System
Martin County Board of County Commissioners
www.library.martin.fl.us
772.219.4964 (o)



EXHIBIT 1

Podiatry Note                                           Isaias, Susana - 31144

Arterial pulses are 2+ (easily palpable), bilaterally, posterior tibial, dorsalis pedis. Capillary refill for bilateral lower extremities, including all ten digits, is within normal limits. Edema is 2+, non pitting, for the right ankle.

**Neurologic Exam**
Both lower extremities have normal sensation. Both lower extremities have normal reflexes.

**Musculoskeletal Exam**
  Bilateral lower extremities: ligamentous laxity bilaterally.
  Left lower extremity: crepitus evident at left foot and ankle.
  Right lower extremity: moderate pain is elicited upon palpation of the right lateral ligaments.
  Assessment of leg length reveals there is no discrepancy in length. **Gait Assessment::** Apropulsive.

**Review / Management**
  Results review: X-ray reviewed and discussed with patient.
  Study: X-rays three views of the right ankle and two views of the right foot are unremarkable for displaced fractures or changes consistent with osteomyelitis. Results are evident for:  Adducto varus 5th; possible osteochondral talar dome fracture; pes planus; infracalcaneal osteophytes; hallux abducto valgus bunion; degenerative joint disease 1st metatarsophalangeal joint .
  **Documentation reviewed:** Reviewed home medications.
  Course: Worsening.

**Impression and Plan**
  Diagnosis
    Talar dome fracture (ICD10-CM S92.143A).
    Sprain of other ligament of right ankle, initial encounter (ICD10-CM S93.491A).
    Sprain of calcaneofibular ligament of right ankle, initial encounter (ICD10-CM S93.411A).
    Moderate right ankle sprain (ICD10-CM S93.401A).
    Leg edema, right (ICD10-CM R60.0).
  Course: Worsening.
  Plan: Prescription provided for a medically necessary MRI of the right ankle in an effort to rule out full thickness tear anterior talofibular ligament and   calcaneal fibular ligament; osteochondral talar dome fracture.
    Medications: Infiltration dexamethasone acetate 0.3cc (8mg/mL) mixed with 0.35cc of 2% lidocaine plain and 0.35cc of 0.5% Marcaine plain total 1cc directly into the soft tissue of the right lateral ankle.
  Follow-up: Return to clinic, In  1  weeks.
  Counseled: Patient, Regarding diagnosis, Regarding treatment, Regarding medications.
  Patient Instructions: FRACTURE, Foot.
  Orders
    Orders
    Charges (Evaluation and Management):
      99203 office outpatient new 30 minutes (Charge) (Order): Quantity: 1, Talar dome fracture | Sprain of other ligament of right ankle, initial encounter | Sprain of calcaneofibular ligament of right ankle, initial encounter | Moderate right ankle sprain | Leg edema, right

Printed by:   Thiem , Carley                        EXHIBIT 2           Page 3 of 4
Printed on:   3/23/2017 10:36 AM EDT                                    (Continued)

2

Podiatry Note                                                    Isaias, Susana - 31144

Charges:
    20605 arthrocentesis aspir+/injection interm jt/bursa (Task/Charge) (Order): Quantity: 1, Talar dome fracture | Sprain of other ligament of right ankle, initial encounter | Sprain of calcaneofibular ligament of right ankle, initial encounter | Moderate right ankle sprain | Leg edema, right
    J1094 inj dexamethasone acetate, 1 mg (Task/Charge) (Order): Quantity: 1, Talar dome fracture | Sprain of other ligament of right ankle, initial encounter | Sprain of calcaneofibular ligament of right ankle, initial encounter | Moderate right ankle sprain | Leg edema, right
    73610 radex ankle complete minimum 3 views (Task/Charge) (Order): Quantity: 1, Talar dome fracture | Sprain of other ligament of right ankle, initial encounter | Sprain of calcaneofibular ligament of right ankle, initial encounter | Moderate right ankle sprain | Leg edema, right
    73620 radiologic examination foot 2 views (Task/Charge) (Order): Quantity: 1, Talar dome fracture | Sprain of other ligament of right ankle, initial encounter | Sprain of calcaneofibular ligament of right ankle, initial encounter | Moderate right ankle sprain | Leg edema, right.

**Professional Services**
    **E & M Assistant:**

**Signature Line**


Signed and Authored by Paul Gotkin on 01/23/2017 10:45 AM CST



Charted Date:            January 23, 2017 11:37 AM EST
Subject / Title:         FTT ATF/CF, R;  FX, OSTEOCHONDRAL TALAR, R; XRY: MRI RX; DEX
Performed By:            Gotkin, Paul DPM on January 23, 2017 10:45 AM CST
Electronically Signed By: Gotkin, Paul DPM on January 23, 2017 10:45 AM CST
Visit Information:       235347, Treasure Coast Podiatry, Outpatient, 1/23/2017 - 1/25/2017


Printed by:    Thiem , Carley                              Page 4 of 4
Printed on:    3/23/2017 10:36 AM EDT                      (End of Report)

**TREASURE COAST PODIATRY CENTRE**
Paul N. Gotkin, D.P.M. • David A. Gubernick, D.P.M., P.A.
Scott F. Parratto, D.P.M. • Andrew D. Lonabaugh, D.P.M.
Scott J. Cohen, D.P.M.

Fellows, American College of Foot & Ankle Surgeons
Diplomates, American Board of Podiatric Surgery
Diplomates, American Board of Laser Surgery

STUART CENTRE • 2291 S.E. FEDERAL HIGHWAY • STUART, FL 34994 • (772) 286-9912
1090 VIRGINIA AVENUE • FT. PIERCE, FL 34982 • (772) 461-2575
1095 N.W. St. LUCIE WEST BLVD. • PORT ST. LUCIE, FL 34986 • (772) 785-5580
www.footsurgicalspecialist.com

Name: Susana Isaias
Address:
Age: ___  Date: 1/03/17

℞ MRI (R) Ankle
full thickness ATFL & CF
tears, osteochondral
talar dome fx.

REFILL 1 - 2 - 3 - NR PRN          _____ D.P.M.
DEA No. _____           EAG1611090178

**EXHIBIT 3**

**MARTIN COUNTY, FLORIDA**
**INTER-OFFICE MEMORANDUM**

TO: Taryn Kryzda, County Administrator          DATE: 1/25/2017

FROM: Jennifer Salas, Library Director

SUBJECT: Termination Recommendation for Susana Isaias

On January 18, Sylvie Szafranski, Library Public Services Manager met with Susana Isaias at the Elisabeth Lahti Library in Indiantown to direct her to report to the Hoke Library in Jensen Beach effective on January 24.

On January 20, Library and County Administration received the attached letter from Susana requesting a meeting to reconsider the directive. After consulting Human Resources, the Library maintained the original directive and scheduled a meeting with Susana for January 24 at 8:45am at the Hoke Library in Jensen Beach. It was clarified in each communication that Susana was expected to work her shift at the Hoke Library.

On January 22, Susana rejected the directive of her supervisor by stating, "I will not agree to this transfer until it is postponed and a proper meeting has been set up with The Library Director and The Director of Administration in addressing my grievances with this transfer". On January 23, she writes, "I repeat I am not agreeing to work at my reassigned position at The Hoke Library," in the email below.

On January 24, Jennifer Salas, Library Director and Richard Reilly, Library Operations & Services Administrator met with Susana as noted above. Jennifer presented the FMLA application and Marty Bus schedule as resources that Susana could use to make her transition to working at the Hoke Library easier. Jennifer also provided copies of relevant pages from the Human Resources Manual that outlined the consequences if Susana chose not to report to the Hoke Library. Following this meeting, Susana chose to quit work without being relieved by her supervisor.

On January 25, Susana did not communicate unscheduled leave or report to work. Emma Castle, Library Manager worked on the public service desk in Susana's absence. At approximately 10:30 am, Susana called Flory Anzueto, Executive Aid to ask how to access her PTO.

13.02 TYPES OF OFFENSES/DISCIPLINE
- Quitting work, wasting time, loitering, spending time on other than assigned duties, or leaving assigned work area during working hours without permission.
- Insubordination by refusing to perform work assigned, or to comply with written or verbal instructions of his/her supervisor, except that which is deemed illegal, unsafe, or contrary to County policy.

EXHIBIT 4

Due to the current violations, I am recommending immediate termination.

In accordance with the Martin County BOCC Human Resources Manual you may avail yourself for a due process hearing with the County Administrator. If you wish to elect this hearing please contact Sara Walker in Human Resources at 772-221-1455 or swalker@martin.fl.us by February 1, 2017.

Your failure to elect this hearing (as described above) by 5 pm, February 1, 2017 shall constitute a waiver to this right.

Attachments

Concurrence:

_____  1/25/2017
Taryn Kryzda                Date
County Administrator

_____  1/25/17
Jennifer Salas              Date
Library Director

Cc:   Sara Walker, Human Resources Analyst
      Personnel File