# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:18-CV-14171-ROSENBERG/MAYNARD

SUSANA ISAIAS,

    Plaintiff,

v.

MARTIN COUNTY,

    Defendant.

_____/

## **ORDER ON MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Defendant Martin County's Motion for Summary Judgment (the "Motion"). Mot., DE 37. Defendant filed its Motion on December 6, 2018, along with a Statement of Facts in support of the Motion. Def. SOF, DE 36. Plaintiff's response to the Motion was therefore due on December 20, 2018. *See* DE 37. However, Plaintiff's attorney withdrew during the briefing period. *See* Mot. To Withdraw, DE 38; Order on Withdrawal, DE 40. As a result, the Court extended the deadline three times for Plaintiff to respond to the Motion. *See* DE 40, DE 45, DE 50. Plaintiff was afforded the opportunity to retain new counsel, *see* DE 40, DE 45, and Plaintiff's new counsel appeared on January 30, 2019, DE 48. Plaintiff, represented by counsel, filed her Response to the Motion on February 22, 2019, along with her responsive Statement of Facts. *See* Pl. Resp., DE 53; Pl. SOF, DE 52. Defendant replied in support of its Motion at DE 54. After some delay, the Motion is now ripe for review. The Court also discussed some aspects of the Motion for Summary Judgment at the status conference held on April 17, 2019. The Court has reviewed the briefing outlined above and the record and is otherwise fully advised in the premises.

## I. BACKGROUND[1]

Plaintiff, Susana Isaias, began working for Defendant Martin County as a librarian in approximately November, 2002. Compl., DE 21, ¶ 14. Since 2002, she has worked at the Elizabeth Lahti Library in Indiantown, Florida. *See* Def. SOF, DE 36, ¶ 1. On January 18, 2017, Plaintiff was informed she would be transferred to the Hoke Library branch in Jensen Beach, Florida. *Id.* Plaintiff immediately raised concerns that she would not be able to afford to make this transfer. *See id.* ¶ 2–4. Over the next few days, Plaintiff resisted the transfer to the Hoke Library, for a variety of reasons, including financial difficulties, transportation obstacles, and injuries to her right foot, with which she would use to drive a car. *See id.* ¶ 2–11. One week after being informed she would be transferred, Plaintiff did not appear for work on January 25, 2017 and was terminated. *See id.* ¶ 12–15.

Based on these events, Plaintiff filed her Complaint on May 7, 2018. Compl., DE 1. Plaintiff amended her complaint on July 26, 2018, alleging violations of the Family Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and Florida Civil Rights Act (FCRA). Am. Compl., DE 21. Count I ("FMLA Interference"), Count III ("Termination because of Disability & Handicap in violation of the FCRA"), Count IV ("Denial of Reasonable Accommodation in Violation of the FCRA"), Count V ("Termination because of Disability & Handicap in violation of the ADA-AA"), and Count VI ("Denial of Reasonable Accommodation in Violation of the ADA-AA") were dismissed following the status conference on April 17, 2019, with agreement from both parties. *See* Order Dismissing Counts, DE 64. Following the dismissal of those counts, only Count II, for FMLA retaliation, remains operative. Accordingly, this Order only addresses Count II, Plaintiff's FMLA retaliation claim against Defendant.

---

[1] The facts stated herein are derived from Plaintiff's Amended Complaint, DE 21, Defendant's Statement of Facts, DE 36, and Plaintiff's responsive Statement of Facts, DE 52, and all of the exhibits cited therein.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48)

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence,

going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

### III. ANALYSIS

The FMLA permits eligible employees with "the right to take up to 12 workweeks of unpaid leave annually for any one or more of several reasons, including '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.' 29 USC § 2612(a)(1)(D)." *Hulbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). An FMLA "retaliation claim asserts that an employer discriminated against an employee for engaging in FMLA protected activity." *Pecora v. ADP, LLC.*, 232 F. Supp. 3d 1213, 1220 (M.D. Fla. 2017).

To establish a retaliation claim under the FMLA when there is no direct evidence of retaliatory intent, a plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment decision; and (3) the decision was causally related to a protected activity." *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1275 (11th Cir. 2012) (citations omitted); *see also Vira v. Crowley Liner Serv., Inc.*, 723 F. App'x 888, 892–93 (11th Cir. 2018). To prove a causal connection, a plaintiff must demonstrate that the "relevant decisionmaker was 'aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated.'" *Jones v. Gulf Coast Health Care of Del., LLC.*, 854 F.3d 1261, 1271 (11th Cir. 2017) (citations omitted). "Close temporal proximity between protected conduct and an adverse employment action is generally sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." *Id.* at 1271–72. However, "in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected

4

activity and the subsequent adverse employment action does not suffice to show causation." *Drago v. Jenn*, 453 F.3d 1301, 1308 (2006).

Once the plaintiff establishes a prima facie case for FMLA retaliation, the burden shifts to the defendant to show a legitimate reason for the adverse employment action. *See Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir.2001) (applying the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to an FMLA claim). Defendant must put forth a "*legitimate, non-retaliatory* reason for terminating" the employee. *Martin v. Brevard Cty. Pub. Schools*, 543 F.3d 1261, 1268 (emphasis added); *see also Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th 2006) ("If the plaintiff makes out a prima facie case, the burden then shifts to the defendant to articulate a *legitimate* reason for the adverse action.") (emphasis added).

If the defendant proffers a legitimate reason for its actions, the burden shifts back to the plaintiff to demonstrate that the proffered reason for the employment action was pretext for retaliation. *Martin*, 543 F.3d at 1268; *see also Vira*, 723 F. App'x at 892. To show pretext, "plaintiff must show both that the employer's explanation was false and that discrimination was the real reason for his decision." *Vira*, 723 F. App'x 888, 894 (citing *Brooks v. Cty. Comm'n of Jefferson Cty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006)).

Here, Defendant conceded that "[i]t is undisputed that Plaintiff engaged in statutorily protected activity and suffered an adverse employment action." Def. Mot., DE 37, 15.[2] As a result,

---

[2] At the status conference on April 17, Defendant moved *ore tenus* to strike the quoted sentence from its Motion. Defendant's request is denied.

Defendant first filed its Motion for Summary Judgment in December, 2018. *See* DE 37. Plaintiff did not respond until February 22, 2019, due to the intervening withdrawal of Plaintiff's counsel. *See* DE 40, DE 45, DE 47, DE 50, DE 53. When Plaintiff did respond, her response clearly stated that "Defendant does not dispute that Plaintiff established 'protected conduct' and 'an adverse employment action' (i.e., the discharge). They contest 'causation.'" Pl. Resp., DE 53, 5.

5

the Court proceeds to analyze whether Defendant's decision to terminate Plaintiff was causally related to her exercise of her FMLA rights.

A. Causality

It is undisputed that Defendant first communicated with Plaintiff about her transfer on Wednesday, January 18, 2017. Def. SOF, DE 36, ¶ 1. Plaintiff immediately expressed concerns over the transfer and requested a meeting with her supervisors. *See id.* ¶¶ 2–4. Defendant's employee informed Plaintiff on Thursday, January 19 that Plaintiff had an obligation to report to her newly assigned work location on the following Tuesday. *See id.* ¶ 5. On Friday, January 20, Plaintiff was informed that "failure to report to work as directed would be considered an unauthorized absence." *Id.* ¶ 6. Plaintiff again communicated to Defendant that she would not agree to her transfer on Sunday, January 22. *Id.* ¶ 7. On Monday, January 23, Defendant's employee again reminded Plaintiff that she was expected to report to her new work location. *Id.* ¶ 10. That same day, Plaintiff communicated that she had been diagnosed with an injury to her foot and presented a prescription for an MRI. *Id.* ¶ 11. Defendant's employee responded that she would provide FMLA certification forms at their scheduled meeting the following day. *Id.* ¶ 12. On

---

At the status conference, Defendant indicated that its concession sentence was an error in its Motion. The request to amend the Motion, in light of this "error," is untimely. Defendant has been on notice that its Motion contained this "error" for more than seven weeks (since Plaintiff filed her Response). In spite of this notice, Defendant did not raise this error with the Court independently. Instead, at the status conference, it was the Court's questioning that prompted Defendant to raise this issue. At this time, the deadline for motions has long passed (the deadline was March 28) and trial is imminent (scheduled for May 28). Any amendment to the Motion at this time would be prejudicial to Plaintiff. Accordingly, the *ore tenus* Motion to Amend the Motion for Summary Judgment, made on the record at the April 17th status conference, is denied.

Furthermore, the Court notes that the summary judgment standard places the burden on the moving party to prove it is entitled to summary judgment. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "The movant's initial burden on a motion for summary judgment consists of a responsibility to inform the court of the basis for its motion." *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG*, No. 11-61577-CIV, 2012 WL 2675367, at *3 (S.D. Fla. July 6, 2012) (internal quotations omitted). As the moving party, it was Defendant's burden to move for summary judgment on the grounds on which it believed it was entitled to summary judgment. It was also Defendant's prerogative to concede to two elements of Plaintiff's prima facie case, and it is not the Court's responsibility to fix what Defendant now calls an error. The Court must rule on the arguments Defendant has actually made regarding FMLA retaliation. *See id.*

Tuesday, January 24, Plaintiff met with Defendant's representatives, presented a copy of the MRI prescription, and was given FMLA application and certification forms. *Id.* ¶¶ 13–14. When Plaintiff did not appear for work the next day, Wednesday, January 25, she was immediately terminated. *Id.* ¶ 15.

To summarize, Plaintiff was told she was being transferred on a Wednesday. *See id.* ¶ 1. Notwithstanding her financial and transportation concerns, she communicated that she was experiencing health issues the following Monday, *see id.* ¶ 10, she was provided FMLA certification forms on Tuesday, *id.* ¶ 12, and she was terminated on Wednesday, *see id.* ¶ 15.

"To establish the causal connection element, a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated. In order to show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (internal quotations omitted). "The general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection." *Id.*

The extremely close temporal proximity between Plaintiff's communication with her employer that she was experiencing health problems (*which prompted Defendant's representative to provide Plaintiff with FMLA forms*) and her termination is sufficient circumstantial evidence to demonstrate causality.

Defendant argues that it contemplated adverse action against Plaintiff before her need for FMLA leave arose, and cites *Drago* and *Salem* to support this proposition. This case is distinguishable on its facts from both *Drago v. Jenne*, 453 F.3d 1301 (11th Cir. 2006) and *Salem*

*v. City of Port St. Lucie*, Case No. 2:17-CV-14431, 2018 WL 5631305 (S.D. Fla. Oct. 31, 2018), as cited by Defendant. Both of the plaintiffs in those cases had been specifically warned for *months* that they faced potential demotion (in *Drago*) or termination (in *Salem*). In *Drago*, the plaintiff had been *specifically* told that he faced demotion for performance deficiencies nine months prior to his eventual demotion. 453 F.3d at 1303–05. The Eleventh Circuit concluded that the "record evidence is *overwhelming* that [the defendant] contemplated demoting him before he ever [engaged in statutorily protected activity]." *Id.* at 1308 (emphasis added). In *Salem*, the plaintiff had similarly been informed that his firearms certification, which is *statutorily required* to serve as a sworn police officer in the state of Florida, was set to lapse, three months prior to his eventual termination. 2018 WL 5631305 at *2.

In contrast, the three instances in which Defendant directed Plaintiff to appear for work at her new work location occurred just days, not months, before she communicated her health status to Defendant. *See* Def. SOF, DE 36, ¶¶ 5–6, 8. Defendant's directives to Plaintiff indicate that Defendant was committed to transferring Plaintiff from the Indiantown library to the Jensen Beach library, but Defendant does not necessarily indicate that her termination was contemplated in advance of her FMLA request. Accordingly, the Court concludes that Plaintiff has established the prima facie case for FMLA retaliation, based in part on Defendant's concession on the first two elements of the prima facie case.

The burden therefore shifts to Defendant to produce a legitimate, non-retaliatory reason for Plaintiff's termination. Notably, Defendant does not explicitly provide such a non-retaliatory explanation in its initial Motion. *See* Def. Mot., DE 37. However, implicit in Defendant's Motion is the argument that Plaintiff was terminated for not appearing at work in January, i.e., "job abandonment." Def. SOF, DE 36, ¶ 15. Plaintiff expressly denies this was the reason for her

termination. Pl. SOF, DE 52, ¶ 15. Defendant also argues in its Reply brief that Plaintiff was insubordinate. Def. Reply, DE 54, 9.

B. <u>Pretext</u>

Assuming that Defendant has properly proffered a legitimate, non-retaliatory reason for Plaintiff's termination, Plaintiff must "show both that the employer's explanation was false and that discrimination was the real reason for his decision." *Vira v. Crowley Liner Serv., Inc.*, 723 F. App'x 888, 894 (11th Cir. 2018) (citations omitted). "[T]e employee must then show that the employer's proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Martin v. Brevard Cty. Public Schools*, 543 F.3d 1261, 1268 (11th Cir. 2008).

Here, Plaintiff has raised sufficient doubt as to whether the proffered explanations for Plaintiff's termination were false and pretextual. First, the close temporal proximity of Plaintiff's disclosure of her medical condition and her ultimate termination could lead a reasonable juror to conclude that she was terminated *because* she had engaged in statutorily protected activity, as conceded by Defendant. Second, Plaintiff's failure to appear for work would not have qualified as a resignation under Defendant's Human Resources Policy, which states that a period of three consecutive days of unauthorized absences will be considered a resignation. Pl. Resp., DE 53, 8. This could lead a reasonable juror to conclude that Defendant's job-abandonment rationale was pretext for FMLA retaliation. Third, the fact that Defendant did call in to her employer to ask how to request a day off because her medical condition was worsening and she needed an MRI could lead a reasonable juror to conclude that she was terminated that day because she had engaged in statutorily protected activity. *See* Pl. SOF, DE 52, ¶ 48. Finally, Plaintiff points out that a

9

disciplinary memorandum had been circulated by Plaintiff's supervisors before she did not appear for work on Wednesday, January 25. Plaintiff claims this fact indicates that the adverse employment action resulted from her allegedly FMLA-qualifying condition, not from her non-appearance at work. Pl. Resp., DE 53, 9; Pl. SOF, DE 52, ¶ 48. Defendant argues that the fact that it had not yet decided what disciplinary action would be taken in the memorandum indicates the opposite conclusion – that Defendant reacted to Plaintiff's non-appearance on January 25, not her alleged FMLA qualification. Def. Reply, DE 54, 9. At summary judgment, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Allen v. Tyson Foods*, Inc., 121 F.3d 642, 646 (11th Cir. 1997). Reasonable minds could differ on the interpretation of the drafting of the disciplinary memorandum, so Plaintiff has introduced evidence which calls Defendant's proffered explanations into question.

Hence, Plaintiff has cast sufficient doubt upon the legitimacy of Defendant's proffered explanations for terminating Plaintiff such that a reasonable jury could conclude Defendant's proffered explanations were pretextual. In reaching this conclusion, the Court notes that it does "not sit as a 'super-personnel department,' and it is not [the Court's] role to second-guess the wisdom of an employer's business decisions." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010). However, "[s]ummary judgment is a lethal weapon, and courts must be mindful of its aims and targets and beware of overkill in its use." *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 612 (5th Cir.1967). Here, the Court finds that there is sufficient doubt regarding Defendant's proffered explanation for terminating Plaintiff such that Plaintiff's FMLA retaliation claim should survive Defendant's summary judgment motion.

For the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, DE 37, on Count II of the Amended Complaint for FMLA retaliation is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of April, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record